FILED'06 MAY 10 10:25USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARTHA DURBIN,                              Civil No. 04-1835-AA
                                            OPINION AND ORDER
        Plaintiff,

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.
_____

Bruce W. Brewer
Attorney At Law
419 5th Street
Oregon City, Oregon 97045
    Attorney for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Neil Evans
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Leisa Wolf
Special Assistant U.S. Attorney
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
    Attorneys for defendant

AIKEN, Judge:

    Claimant, Martha Durbin, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain

1   - OPINION AND ORDER

judicial review of a final decision of the Commissioner. Durbin brings this action as the Guardian on behalf of Jesse Chapman, the minor beneficiary of the Claim of Marlene Chapman, Deceased. The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. 42 U.S.C. §§ 401-34. For the reasons set forth below, the Commissioner's decision is reversed and remanded for payment of benefits.

## PROCEDURAL BACKGROUND

Plaintiff protectively filed her application for DIB on March 27, 2002. Tr. 12. She alleged disability since September 1, 1999, due to a heart condition, knee problems, migraines, reflex sympathetic dystrophy (RSD) in the right arm, a history of collarbone surgery, post-traumatic stress disorder (PTSD), anxiety, and depression. Tr. 13. Her applications were denied initially, and upon reconsideration. On May 11, 2004, after a hearing, the Administrative Law Judge (ALJ) ruled that plaintiff was not disabled as defined in the Social Security Act. Tr. 12-22. On October 15, 2005, the Appeals Council denied plaintiff's request for review, tr. 4-6, making the ALJ's decision the final agency decision. See 20 C.F.R. §§ 404.981, 422.210.

## STATEMENT OF THE FACTS

Born December 13, 1953, plaintiff was 50 years old at the date of the ALJ's decision. Tr. 13. She obtained two associate's degrees and a Licensed Practical Nurse certification. Id. Plaintiff had past relevant work experience as a licensed practical nurse. Id.

///

2    - OPINION AND ORDER

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant

3   - OPINION AND ORDER

has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## DISCUSSION

At Step One, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. Tr. 21, Finding 2. See 20 C.F.R. § 404.1520(b). This finding is not in dispute. At Step Two, the ALJ found that plaintiff had the following severe impairments: degenerative

4    - OPINION AND ORDER

joint disease of the left knee, foraminal stenosis at C5-6, and residuals of rheumatic heart disease. Tr. 21, Finding 3. See 20 C.F.R. § 404.1520(c). This finding is in dispute.

At Step Three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 22, Finding 4. See 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d). This finding is not in dispute. The ALJ then determined that plaintiff had the residual function capacity for light work with an option to alternate positions between sitting, standing, and walking. She can occasionally climb ramps and stairs. She cannot climb ladders, ropes or scaffolds. She can occasionally stoop, kneel, crouch, and crawl; and she should avoid even moderate exposure to hazards. Tr. 22, Finding 6. See 20 C.F.R. §§ 404.1520(e), 404.1545, 404.1567. This determination is in dispute.

At Step Four, the ALJ found that plaintiff was unable to perform her past relevant work. Tr. 22, Finding 7. See 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f). This finding is not in dispute.

Finally, at Step Five, the ALJ found that plaintiff could perform work existing in significant numbers in the national economy. Tr. 22, Findings 8-12. See 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g). This finding is in dispute.

Plaintiff asserts that the ALJ made a "clear error of law" at Step Two when the ALJ found plaintiff suffered from knee, back, and heart ailments that are "severe," however, not severe enough to meet a listed impairment contained in Appendix 1, Subpart P, Regulations No. 4. Tr. 17. The plaintiff has the

5    - OPINION AND ORDER

burden of proving at Step Two that she has a severe impairment that is expected to result in death or last for a continuous period of not less than twelve months. See 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 404.1505. A severe impairment is also an impairment which significantly limits a plaintiff's "ability to do basic work activities." 20 C.F.R. §§ 404.1521, 416.921.

Plaintiff alleges that the ALJ's finding "ignored substantial evidence of [plaintiff's] other impairments, and failed to consider how the combination of those impairments and the side effects of treatment affected [plaintiff's] ability to do basic work activities." Plaintiff's Opening Brief, p. 3. Specifically, plaintiff objects to the ALJ's rejection of both plaintiff's RSD and mental illness complaints as non-severe. Id.

RSD is a chronic pain syndrome most often resulting from trauma to a single extremity. Social Security Ruling SSR 03-2p, Title II and XVI. RSD is characterized by chronic pain out of proportion to the severity of the underlying injury, accompanied by one or more documented signs. In RSD cases, SSR 03-2p replaces the Cotton two-part test for subjective complaints of pain with the specific requirements. Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986). The claimant alleging disability based on subjective pain must prove: (1) an underlying impairment which could; (2) reasonably be expected to produce the pain or other symptoms alleged. Id. at 1405. When RSD is present the Cotton two-part test is replaced with the burden of proving chronic pain coupled with the documented presence of one or more of five listed signs. A finding of RSD requires: (1) persistent

6    - OPINION AND ORDER

complaints of pain; (2) out of proportion to the underlying injury; (3) a documented precipitant (underlying injury); and (4) one or more of the five listed signs (swelling, autonomic instability, abnormal hair or nail growth, osteoporosis, or involuntary movement of the affected region). The ALJ should have evaluated plaintiff's RSD complaint in accordance with SSR 03-2p.

Plaintiff presented with a history of RSD in her right shoulder and a complaint of RSD. Tr. 244. Plaintiff first alleges that she has persistent complaints of chronic pain in her shoulder and knees. Plaintiff continued a narcotic chronic pain management program to treat on-going RSD. Second, plaintiff's pain in her knees was "out of proportion to objective physical and radiographic findings," characteristic of RSD. Third, plaintiff's RSD originally relates to an injury to her right clavicle for which she continued to wear a plate with five screws. Finally, plaintiff exhibited one or more of the required signs.

Plaintiff asserts that she exhibited several of the required signs between her onset and hearing dates. First, plaintiff alleges that she experienced intermittent swelling of her shoulder, hands, and knees. Second, the pain in her knees is attributed to osteoarthritis. Third, plaintiff alleges that she experiences numerous instances of involuntary movement of the affected region. Specifically, plaintiff experienced "myoclonic convulsions, bilateral upper extremity jerking, as well as spasms in her arms and legs." Plaintiff notes that swelling, osteoarthritis, and involuntary muscle movement are three of the

7   - OPINION AND ORDER

signs of RSD. SSR 03-2p. Plaintiff concludes that in finding that her RSD was "non-severe," the ALJ failed to follow the analysis set forth in SSR 03-2p. The court notes the requirement that the ALJ "must consider the combined effect of all of the claimant's impairments on [her] ability to function, without regard to whether each alone was sufficiently severe." Edlund v. Massanari, 253 F.3d 1152 (9th Cir. 2001). I agree that the ALJ failed to follow the requirements for rejecting an RSD complaint.

Moreover, I find that the ALJ improperly rejected the opinion of plaintiff's primary care physician in favor of a non-examining, non-treating physician, without giving specific, legitimate reasons supported by substantial evidence in the record. Beginning in 1998, through the last medical record in June 2003, plaintiff's primary care physician was Dr. Lenore Fines. Tr. 339, 449, 624. Throughout Dr. Fines' medical notes, she reports objective signs of RSD. Tr. 317 ("requires assistance from partner because of her rsd and chronic knee pain," "Chronic pain syn: some improvement on oramorph, but requires increase dose of medication"); and tr. 339 ("[Assessment]: chronic pain syndrome not controlled on current regimen muscle spasm and myoclonic jerks"). Moreover, Dr. Fines was responsible for the pharmacological management of plaintiff's pain, a regimen of twenty prescriptions including nitroglycerin and a daily dose of 260 mg. of morphine. Tr. 584.

Instead of addressing Dr. Fines' opinion, the ALJ relied on a statement by an examining rheumatologist, Dr. Stephen Campbell, who noted: "[p]ain out of proportion to objective physical and radiographic findings. She carries a h/o "RSD" from trauma to

8    - OPINION AND ORDER

clavicle; at this time there's nothing objective to suggest this persists." Tr. 16, 373. Plaintiff argues that Dr. Campbell's note actually confirms the symptoms of progressive RSD. From the same treatment note quoted above, Dr. Campbell states: "[g]iven her long h/o chronic pain and other psych issues, I would not expect much improvement: she's had chronic pain for a long time and this is going to persist." Tr. 373. I agree that Dr. Campbell's note is further indication of: (1) chronic pain out of proportion to the underlying injury; and (2) pain migrating to other extremities (from the shoulder to the knee). Both are symptoms of progressed RSD. SSR 03-2p.

Plaintiff also contends that the ALJ erred when he improperly rejected plaintiff's mental complaints. The ALJ found that plaintiff's depression, PTSD and panic disorder are not "severe" impairments. Tr. 16. Plaintiff alleges that in order to find plaintiff's mental impairments "mild," the ALJ improperly dismissed plaintiff's treating psychiatrist's opinion without providing clear and convincing reasons for doing so.

Dr. Susan Smith was plaintiff's treating psychiatrist from April 2000, through June 2003. Tr. 624. In 2000, Dr. Smith assigned plaintiff a GAF of 40, stating that, "Ms. Chapman presents with history, symptoms and signs consistent with PTSD and depression as well as panic symptoms dating and relating to military experience, with symptoms waxing and waning in severity over the years in relationship to numerous stressors." Tr. 417. Dr. Smith treated plaintiff for four years and ultimately opined that plaintiff suffers from severe affective and anxiety disorders, and meets the impairment listings 12.04 and 12.06.

9   - OPINION AND ORDER

Tr. 631-38. Dr. Smith further opined that plaintiff had "marked" degrees of limitation in three out of four areas of functional limitation. The areas of "marked" limitation included difficulties in maintaining social functioning, difficulties in maintaining concentration, persistence or pace, and repeated episodes of decompensation, each of extended duration. Tr. 638.

Great weight is accorded a treating physician's opinion, and clear and convincing reasons are required to reject such opinion if it is uncontradicted. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996). A treating physician's medical opinion as to the nature and severity of an individual's impairment must be given controlling weight if that opinion is well-supported and not inconsistent with the other substantial evidence in the case record.

In rejecting Dr. Smith's opinion, the ALJ stated that her testimony was not consistent with the record. The ALJ noted the third party questionnaire answers prove that plaintiff does not have anger outbursts. Tr. 16. Plaintiff, however, points to her ongoing struggle with anger, documented in the record, including her mother's testimony that plaintiff has increasing anger outbursts, tr. 230; Dr. Kahn noted a yelling outburst in 1999, tr. 436; and Dr. Smith's treatment notes refer to plaintiff's ongoing anger and irritability. Tr. 356, 393, 412, 615, 633.

Next, the ALJ dismissed plaintiff's difficulty concentrating with the observation that plaintiff "attends medical appointments regularly." Tr. 17. The record, however, is replete with missed appointments and late arrivals. Tr. 245, 289, 392, 393, 406. Next, the ALJ relied on one treatment note

10   - OPINION AND ORDER

in 2000 to discount the next four years of mental health treatment provided by Dr. Smith to the plaintiff. Tr. 17. The record, however, reflects increasingly marked limitations posed by affective and anxiety-related disorders between 2000 and 2004. Tr. 175, 286, 393, 571, 614, 624, 628.

Finally, the ALJ states plaintiff had no episodes of decompensation of extended duration. Tr. 17. The regulations, however, explain that "episodes of decompensation by be inferred from medical records showing significant alteration in medication; or documentation of the need for a more structured psychological support system (e.g., hospitalizations, placement in a halfway house, or a highly structured and directing household); or other relevant information in the record about the existence, severity, and duration of the episode." 20 C.F.R. § 12.04.

The record supports evidence of decompensation between March 2003, and the hearing date. The record also contains reports of other decompensation episodes, including violence in the 1970s, and a throwing episode in 2000. Tr. 412-18. In 2000, it was reported that plaintiff "yells multiple times a day." By 2002, plaintiff was housebound and required assistance for daily living. Tr. 105, 168, 196, 204. Plaintiff required a highly structured and directing household just to manage her medications. Tr. 221. Plaintiff's psychiatrist reported that she experienced recurrent severe panic attacks occurring on the average of least once a week. Tr. 633. I find that extended episodes of decompensation can be inferred from the record.
///

11   - OPINION AND ORDER

Further, Dr. Smith's opinion is consistent with the record. The ALJ did not properly consider plaintiff's mental illness complaint. The ALJ erred in dismissing Dr. Smith's testimony and in rejecting plaintiff's mental illness complaint.

Finally, I find that the ALJ erred by rejecting the VA disability determination. The VA rating decision was issued in September 2000. Tr. 94. The VA found that plaintiff was 100% disabled due to "rheumatic heart disease with aortic insufficiency as well as mitral valve prolapse and mitral regurgitation." Id. The ALJ rejected the VA's disability rating. Tr. 19. Specifically, the ALJ found that "in light of the minimal evidence of functional limitations related to the claimant's history of heart disease, the undersigned finds that it is not 100% disabling for purposes of Social Security disability. Therefore, the opinion of the Veteran's Administration is given little weight." Id.

VA determinations are to be given great weight by the ALJ. McCartey v. Massanari, 298 F.3d 1072 (9th Cir. 2002). An ALJ may discredit a VA determination of disability with persuasive, specific, and valid reasons supported by the record. Id. at 1076. The record documents plaintiff's chronic heart disease as early as 1998, stemming from rheumatic fever suffered in 1972. Tr. 281, 625. The record also shows that she continued to be treated for chronic heart disease. Tr. 279. Over the course of three years decedent had eight visits to the VA for cardiology related issues, in addition to two EKGs, an Echocardiogram, and two pulmonary function tests. Tr. 550-51. The record provides a longitudinal history of plaintiff's chronic heart disease. The

12    - OPINION AND ORDER

VA determination reflected a file sufficiently detailed, supported by physical examinations, laboratory studies, and prescribed therapy to support a finding of disability. Tr. 94, 191, 241, 258, 378, 386, 389, 625. The record supports the VA determination, and further supports a finding of severe impairment. The ALJ erred in rejecting the VA determination of disability without persuasive, specific and valid reasons supported by the record.

## CONCLUSION

The Commissioner's decision is not based on substantial evidence. The Commissioner improperly rejected plaintiff's treating psychiatrist's opinion and evidence from plaintiff's treating physician. The ALJ also improperly rejected the VA disability determination. The Commissioner's decision, therefore, is reversed and remanded for payment of benefits.

IT IS SO ORDERED.

Dated this *10* day of May 2006.

                                          /s/ Ann Aiken
                                Ann Aiken
                    United States District Judge

13   - OPINION AND ORDER